IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL NO. 132 PENSION FUND,

          Plaintiff,

v.                                          CIVIL ACTION NO. 3:19-0531

LEANNE BRISTOW, as Administratrix of the
Estate of REBEKAH R. BOONE, and individually,

          Defendant.

# ORDER

Pending before the Court is Plaintiff International Union of Operating Engineers, Local No. 132 Pension Fund's Motion for Default Judgment. *Mot. for Default J.*, ECF No. 6. As Plaintiff has provided no evidence beyond its own pleadings to support its claim for damages, the Court **DENIES** the motion without prejudice.

The Fourth Circuit has espoused a "strong policy" in favor of deciding cases on the merits. *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Nevertheless, a party is entitled to default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a). Where a party seeks a sum certain, "the clerk—on the plaintiff's request, *with an affidavit showing the amount due*—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1) (emphasis added). Importantly, however, a court may not enter a default judgment "without a full hearing

unless the damages are liquidated or otherwise uncontested." *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. And Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 1992) (internal citations omitted).

Here, Plaintiff served Defendant Leanne Bristow with a copy of the Summons and Complaint on July 31, 2019. *See* ECF No. 11. As "a defendant must serve an answer . . . within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1), a responsive pleading was due on August 20, 2019. Defendant has failed to file any such pleading, either by that date or by the date of this Order's issuance. The Clerk thus appropriately entered default against Defendant on September 23, 2019. *See Entry of Default*, ECF No. 10.

In considering Plaintiff's motion, the Court recognizes that Defendant has not answered, appeared, or otherwise moved since service was completed on July 30, 2019. Nevertheless, while "all of the well-pleaded facts alleged in the Complaint as to liability are deemed admitted" upon default, "the amount of damages [is] not." *Broadcast Music, Inc. v. CTR Hotel Partners, LLC*, Nos. 3:12-CV-69, 3:13-CV-37, 2013 WL 2444553, at *1 (N.D.W. Va. June 5, 2013) (citing *Ryan v. Homecoming Fin. Network*, 25 778, 780 (4th Cir. 2001)). To date, Plaintiff has submitted just two brief substantive filings for the Court's consideration: its initial Complaint, and the instant Motion for Default Judgment. Both filings allege that Plaintiff owes $1,388.04 for overpayment of pension benefits, with the Motion for Default Judgment tacking on another ambiguous $450.00 in "costs." *See Compl.*, ECF No. 1, at 3; *Mot. for Default J.*, at 2. Plaintiffs have provided no affidavit nor documentary evidence upon which the Court can determine whether these damages are an accurate reflection of Plaintiff's actual losses.

As such, Plaintiff's Motion for Default Judgment, ECF No. 6, is **DENIED** without prejudice. Plaintiff is free to refile its motion with documentation supporting its claims for damages.

The Court **DIRECTS** the Clerk to send a copy of this written Order to counsel of record and any unrepresented parties.

ENTER: September 27, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE